UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NOLAN McDANDAL,

        Plaintiff,

        v.                                           CAUSE NO.: 3:18-CV-606-PPS-MGG

MARK SEVIER, et al.,
        Defendants.

OPINION AND ORDER

Nolan McDandal, a prisoner without a lawyer, is suing four defendants based on events which occurred while he was an inmate at the Westville Correctional Facility. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

McDandal alleges Internal Affairs Officer Ms. Cornett removed him from his job and placed him in segregation for 26 days while she conducted in investigation. She did not tell him why she moved him until after he was released and did not ultimately charge him with any violations. McDandal alleges Officer Cornett denied him due process. However, a prisoner does not have a liberty or property interest in a prison job,

and thus deprivation of that job does not violate his procedural due process rights. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). Moreover, due process is only required when punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A short term placement in segregation is not an atypical and significant hardship. *See Hardaway v. Meyerhoff*, 734 F.3d 740, 744 (7th Cir. 2013) ("In *Marion*, this court noted that 'six months of segregation is not such an extreme term and, standing alone, would not trigger due process rights.' 559 F.3d at 698 (*quoting Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995)) (internal quotations omitted)." Therefore this allegation does not state a claim.

McDandal alleges Property Officer Mrs. Eldridge either took his personal property, lost it, or allowed others to do so. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." U.S. CONST. amend. XIV, § 1. But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 341331 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post deprivation remedy to redress state officials'

accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Therefore this allegation does not state a claim.

McDandal alleges Case Manager Mrs. B. Warner gave him an informal grievance form when he asked for it – but that she did not ask why he needed it. He believes if she had asked, she could have recovered his property and back pay. He does not explain why he did not tell her about his problems when he asked for a form. Neither does he explain why he did not ask her to help. He also alleges he wrote to Superintendent Mr. Mark Sevier about these problems, but got no assistance. These allegations do not state a claim. The "view that everyone who knows about a prisoner's problem must pay damages . . . can't be right." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). "Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d. 605, 609 (7th Cir. 2007) (citations omitted). *See also Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

This complaint does not state a claim and it is unclear how – based on these events – McDandal could do so. Nevertheless, if he has additional facts which he believes would state a claim, he may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, Nolan McDandal is GRANTED until **September 6, 2018**, to file an amended complaint. He is CAUTIONED if he does not respond by the deadline, this case will be DISMISSED without further notice.

SO ORDERED on August 20, 2018.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT